# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IOU CENTRAL, INC. d/b/a IOU FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOAST BURNER, LTD. and MICHELLE M. PELLETIER, <br><br> Defendants. | Case No. 22-CV-391-JPS <br><br> **ORDER** |

Plaintiff IOU Central, Inc. d/b/a IOU Financial, Inc. ("Plaintiff"), which is represented by counsel, filed this action on March 29, 2022, alleging breach of contract and unjust enrichment claims against Defendants Bentley's Pet Stuff Grafton a/k/a Pet Stuff Wisconsin ("Bentley's"), Toast Burner, Ltd. d/b/a Bentley's Pet Stuff Grafton ("Toast"), and Michelle M. Pelletier ("Pelletier"). ECF No. 1. Only Bentley's ever entered an appearance. On May 11, 2022, Bentley's filed a motion to dismiss. ECF No. 5. On May 31, 2022, within the 21 days afforded to amend as of right following service of a responsive pleading, Plaintiff filed an amended complaint against only Defendants Toast and Pelletier. ECF No. 9; *see also* Fed. R. Civ. P. 15(a)(1)(B). In light of this, on July 21, 2022, the Court terminated Bentley's as a defendant in this action and denied the motion to dismiss as moot. ECF No. 10.

As to the remaining Defendants, Toast and Pelletier, the Court noted in its July 21, 2022 order that neither had appeared in this action, nor had

proof of service on either been filed with the Court. *Id.* at 2. The Court further observed that the 90-day service deadline under Federal Rule of Civil Procedure 4(m) expired on June 27, 2022, and that the amended complaint did not toll that deadline. *Id.* (citing 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service.")). Rule 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Consequently, the Court ordered Plaintiff, within 14 days of the date of its order, or by August 4, 2022, to "provide evidence of service or otherwise explain why good cause exists to extend the Rule 4(m) deadline as to Defendants Toast and Pelletier." *Id.* The Court continued, cautioning that, under Rule 4(m), "[f]ailure to do so will result in their dismissal from this action without prejudice, and consequently dismissal of the entire action, without further notice." *Id.*

Thereafter, on August 10, 2022, Plaintiff filed affidavits of service on Defendants Toast and Pelletier indicating that the summons and complaint were served on Toast and Pelletier. ECF Nos. 11, 12. The same day, Plaintiff also filed a motion for entry of default against Defendants Toast and Pelletier, explaining that it "inadvertently did not file the returns" at the time of service. ECF No. 13 at 1. Additionally, Plaintiff argued that the fact that it missed the Court's August 4, 2022 deadline to file proof of service

(such proof having been filed on August 10, 2022) was similarly "inadvertent[]." *Id.*

Following these filings, the Court entered an order, first holding that it need not find good cause for failure to serve within the 90-day deadline prescribed by Rule 4(m) because Plaintiff had proven that it timely served Defendants Toast and Pelletier. ECF No. 14 at 3 (citing ECF Nos. 11, 12). The Court additionally determined that Plaintiff's failure to timely file proof of service did not affect the validity of the service. *Id.* (citing *United States ex rel. Morgan v. Champion Fitness, Inc.*, No. 1:13-CV-1593, 2018 WL 5114124, at *9 (C.D. Ill. Oct. 19, 2018) ("The . . . issue is whether failure to file proof of service pursuant to Rule 4(l)(1) during the time limit for service warrants dismissal . . . . The Federal Rules of Civil Procedure answer this question on their face: Failure to prove service does not affect the validity of service.") (internal citations omitted). Because it did not find any defects in service based on the documents before it, the Court held that failure to timely file the affidavits alone did not warrant dismissal. *Id.*

The Court was obliged, however, to also consider the second and related question of whether it would excuse the fact that Plaintiff failed to meet the Court's August 4, 2022 deadline to file proof of service. *Id.* As Plaintiff did in its filings, ECF No. 13 at 3, the Court construed this question as motion to file an extension of time after a deadline has already passed. ECF No. 14 at 3. The Court excused the missed deadline. *Id.* As bases therefore, the Court explained that

> [h]ere, the danger of prejudice to Toast and Pelletier is nonexistent. Toast and Pelletier are already in default. Toast and Pelletier were properly served approximately seven months ago and, to this date, have not appeared. The length of the delay, approximately six days, is also short. However,

> Plaintiff was previously dilatory in neglecting to timely file proof of service, and Plaintiff does not provide a reason for its delay other than inadvertence. Nonetheless, the excusable neglect doctrine "is at bottom an equitable one." *Pioneer [Inv. Servs. v. Brusnwick Assocs. Ltd. P'Ship]*, 507 U.S. [380,] 393 [1993]. Finding inexcusable neglect as to Plaintiff in this instance would give Defendants Toast and Pelletier a windfall on their seven-month default. Thus, the Court will excuse Plaintiff's neglect and accept the late proof of service.

*Id.* at 4.

The Court also granted Plaintiff's request for entry of default and ordered the Clerk of Court to enter default as to Defendants Toast and Pelletier. *Id.* at 5–6. The Court ordered Plaintiff to file a motion for default judgment on or before November 18, 2022. *Id.* at 5 (citing *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks [through a motion for default judgment].") (citations omitted)). The Court concluded with the following warning to Plaintiff:

> The Court reminds Plaintiff that deadlines exist for a reason. "A good judge sets deadlines, and the judge has the right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157–58 (7th Cir. 1996). Motions for extensions of time are not "looked upon favorably" in this Court, ECF No. 8 at 11, and it goes without saying that motions for extensions of time filed after a deadline has passed are even less so. Equity saved the day for Plaintiff in this instance, but **Plaintiff should consider this Order a warning on the importance of keeping abreast of the Court's deadlines**.

*Id.* at 6 (emphasis added).

November 18, 2022 has come and gone, and the Court has not received a motion for default judgment from Plaintiff, nor has it received a motion for an extension of time. Indeed, it has not received any communication from Plaintiff since the August 10, 2022 filings described above. The fact that Plaintiff has missed yet another deadline demonstrates to the Court that Plaintiff is not diligently prosecuting its case. *See* Civ. L.R. 41(c)[1] (authorizing dismissal of claims when "it appears to the Court that the plaintiff is not diligently prosecuting the action"); *see also Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (pattern of missed deadlines, combined with warning ("though not always necessary"), as well as analysis of factors such as "the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar, and the prejudice resulting to the defendants" support dismissal for failure to prosecute).

This case has languished on the Court's docket for going on nine months, with little more than delay, obfuscation, and excuses amongst its filings. Plaintiff neglected to file proof of service in accordance with the Federal Rules in the first instance, and has missed two of the Court's deadlines since. The Court has not received any communication from Plaintiff for almost four months. Excusing yet another missed deadline,

---

[1] To the extent Civil Local Rule 41(b) applies in lieu of Civil Local Rule 41(c), Plaintiff received a warning as to the importance of meeting the Court's deadlines—in the context of the Court's order setting a deadline to move for default judgment—over five weeks ago. Civ. L.R. 41(b) ("In all cases in which a defendant has failed to file an answer or otherwise defend within 6 months from the filing of the complaint and the plaintiff has not moved for a default judgment, the Court may on its own motion, after 21 days' notice to the attorney of record for the plaintiff, or to the plaintiff if pro se, enter an order dismissing the action for lack of prosecution. Such dismissal must be without prejudice.").

where Plaintiff itself does not appear to prioritize or diligently prosecute this case, will prejudice Defendants. The Court, therefore, will dismiss this action.

The dismissal will operate without prejudice. No defendant has moved to dismiss the case for failure to prosecute and, while Plaintiff has exhibited a clear record of delay, its behavior does not rise to the level of contumaciousness. *See* Civ. L.R. 41(c) (noting that a dismissal for lack of diligence may be either "with or without prejudice"); Fed. R. Civ. P. 41(b) (noting that dismissals for a plaintiff's failure to prosecute, where a defendant has so moved, "operate[] as an adjudication on the merits"); *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985) ("Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior.").

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge